Case 4:22-cv-02631 Document 20 Filed on 04/24/23 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-02631 |
| | § | |
| GRAND HARBOR POA ON LAKE CONROE, EDWARD GRIFFITH, BARBARA GRIFFITH, TODD BATAUD, AND RACHELLE BUTAUD, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants Edward Griffith, Barbara Griffith, Todd Butaud, and Rachelle Butaud's (collectively the "Griffiths and the Butauds" or the "Members") Motion to Dismiss. (Doc. No. 13). Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff" or "Philadelphia") filed a Response in Opposition. (Doc. No. 16). Having considered the motions and the applicable law, the Court **DENIES** the Members' Motion. (Doc. No. 13).

## BACKGROUND

This is a declaratory judgment action. This case stems from a judgment entered in an underlying lawsuit. The Members filed the underlying lawsuit against Grand Harbor POA on Lake Conroe ("Grand Harbor") in state court, seeking damages associated with the repair and redesign of a drainage system in an easement located between the Griffiths' and Butauds' homes. Grand Harbor is an insured of Philadelphia. The case was ultimately presented to a jury, and the jury returned a unanimous verdict in favor of the Griffiths and Butauds, finding Grand Harbor failed to comply with its obligations to provide for maintenance, repair, preservation, upkeep, and

1

protection of the common areas, assets, and properties of the subdivision and that failure resulted in damage to the Members. (Doc. No. 1 at ¶ 14).

Philadelphia issued Grand Harbor a general liability insurance policy, which provided coverage for "property damage" in certain situations. Accordingly, Grand Harbor made a demand for a defense and indemnity in the underlying litigation. Philadelphia assumed the defense and has provided an appellate bond to suspend the enforcement of the state court judgment during Grand Harbor's appeal.

Philadelphia subsequently brought this declaratory judgment action, seeking a declaration that the policy does not cover the damage in the underlying litigation due to an exclusion in the policy. Philadelphia filed this action against Grand Harbor but also included the Griffiths and the Butauds as defendants. The Butauds and the Griffiths filed a Motion to Dismiss, arguing the case as to them is moot and no case or controversy exists between them and Philadelphia because their judgment has been bonded. Philadelphia disagrees.

## DISCUSSION

A live controversy exists between the Members and Philadelphia. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (holding that a declaratory judgment action brought by an insurance company against its injured and an injured party seeking liability determination against the insured in a state court action does constitute an actual controversy within the meaning of the Declaratory Judgment Act). That said, given the fact that Philadelphia posted a bond, the Court clearly understands that the Members' interest may be greatly limited.

In their Motion, however, the Members contend "[s]hould Philadelphia defend [their] Motion by making [the claim that it can withdraw the Bond], then the Members may elect to not proceed with [their] Motion while they obtain a declaration in the state court where Philadelphia

posted the Bond that Philadelphia cannot withdraw it." (Doc. No. 13 at 5). Since the Court cannot foresee the extent of Philadelphia's arguments, it cannot at this stage know whether that argument will be made. If the Court dismisses the Members and Philadelphia subsequently makes that argument, there would be no way for the Members to oppose that argument or practically speaking even know it was before the Court. Therefore, it denies the Members' Motion to Dismiss at this time. The Members, however, are permitted to participate in this litigation as much or as little as they see fit as long as they are compliant with the prevailing rules and precepts of professional courtesy.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants Edward Griffith, Barbara Griffith, Todd Butaud, and Rachelle Butaud's Motion. (Doc. No. 13).

Signed at Houston, Texas, this 24th day of April, 2023.

Andrew S. Hanen
United States District Judge

3